United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHNNY TALAVERA GUTIERREZ,

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX, *et al.*,

Respondents.

Case No. 1:26-cv-05159 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Re: Dkt. Nos. 1, 2

This habeas action concerns the detention of Petitioner Johnny Talavera Gutierrez, a noncitizen who entered the United States at an unknown place and time, and was recently detained by U.S. Immigration and Customs Enforcement. Based on the Government's new interpretation of 8 U.S.C. § 1225(b) as mandating detention for all noncitizens present in the United States without admission, Petitioner is being detained without the opportunity for a bond hearing. This matter is before the Court on Petitioner's writ of habeas corpus and motion for a temporary restraining order. Dkt. Nos. 1, 2. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus in part and resolves his motion for a temporary restraining order as moot.[1]

## I. BACKGROUND

Petitioner is a native of Nicaragua who first entered the United States on May 26, 2001. Dkt. No. 6-1 at 3. Following his initial entry, Petitioner was apprehended by U.S. Customs and Border Patrol, and he was given a voluntary return to Nicaragua. Dkt. No. 6-1 at 3. Petitioner re-

[1] In setting a briefing schedule on the habeas petition, the Court indicated that it intended to rule on the habeas petition and motion for a temporary restraining order together. Dkt. No. 5. Neither party objected to this in their response. *See* Dkt. No. 6 at 2 ("Respondents request to submit on this pleading without additional documentation or briefing and request that the Court rule on the Petitioner in its entirety.").

entered the U.S. two days later, and was again apprehended by Border Patrol and given a voluntary return to Nicaragua. *Id*. Petitioner re-entered the U.S. a third time on an unknown date, and appears to have had no interaction with immigration authorities until his most recent detainment. Following his last entry, Petitioner married a U.S. citizen whom he has a child with, though he and his wife are now separated. Dkt. No. 1 ¶ 18. Records submitted by Respondents also indicate that Petitioner was charged with several minor criminal offenses since his last entry, though none appear to have resulted in convictions. *See* Dkt. No. 6-1 at 3. Petitioner was arrested by ICE on June 9, 2026, and concurrently served with a Notice to Appear, charging him with inadmissibility under INA § 212 (a)(6)(A)(i). *Id*.

On July 6, 2026, Petitioner, proceeding pro se, filed the instant Habeas Petition arguing that his current detention violates his due process rights because he has not been "provided a bond hearing before a neutral decisionmaker … to determine whether his detention is justified based on danger or flight risk." Dkt. No. 1 ¶ 20. Respondents filed a response on July 10, 2026 arguing Petitioner's detention in mandatory under 8 U.S.C. § 1225(b), a position Petitioner disputes. *See* Dkt. No. 6 at 1. Respondents argue in the alternative that if the Court finds § 1225(b) inapplicable, the appropriate relief is a bond hearing in light of Petitioner's criminal history and prior entries into the U.S. *Id*. at 2.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III. DISCUSSION**

Courts throughout this Circuit, including this Court, have found that application of § 1225(b) to individuals—like Petitioner—who have lived in the country for many years "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *see also Gutierrez v. Chesnut*, No. 1:25-CV-1515-DAD-AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); *Beltran v. Noem*, No. 25-CV-2650-LL-DEB, 2025 WL 3078837, at *7 (S.D. Cal. Nov. 4, 2025) ("Petitioners' detention, as noncitizens present in the United States without being admitted or paroled … and who were residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a)"); *Garcia v. Noem*, No. 5:25-CV-02771-ODW-PD, 2025 WL 2986672, at *4 (C.D. Cal. Oct. 22, 2025) ("the statutory text does not support Respondents' contention that § 1225 governs where, as here, an alien is present in the United States without admission"); *Aquino v. LaRose*, No. 25-CV-2904-RSH-MMP, 2025 WL 3158676, at *2 (S.D. Cal. Nov. 12, 2025); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. 2026). The Court concurs with these prior, well-reasoned opinions, and concludes that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b), and that his detention, bond, and release are instead governed by 8 U.S.C. § 1226(a).

Courts have taken differing approaches when presented with the question of the appropriate remedy where an individual has been unlawfully detained under 8 U.S.C. § 1225(b), but has otherwise not interacted with immigration authorities until his recent detention. In some instances where the Government provided no statutory authority for the petitioner's detention aside from § 1225(b), or failed to follow the requirements under § 1226(a) in detaining the petitioner, courts have found that release was appropriate. *Lepe*, 801 F. Supp. 3d at 1119 (granting

immediate release where Government denied that petitioner was detained under § 1226); *Crispin M. C.*, 2026 WL 70553, at *7 (same); *J.A.C.P.*, 2025 WL 3013328, at *7–8 (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and release was warranted, where the Government failed to follow its own regulations in issuing a warrant before arresting petitioner). In other instances where the Government refused to provide the Petitioner with a § 1226(a) bond hearing, courts have denied release, but ordered that the petitioner be provided a prompt § 1226(a) bond hearing before an Immigration Judge. *Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-CV-03354-MWJS, 2026 WL 1391273, at *2 (E.D. Cal. May 18, 2026); *Anderson O.H.G. v. Johnson*, No. 1:26-CV-03248-MWJS, 2026 WL 1330831, at *1 (E.D. Cal. May 12, 2026); *Ixcox Chum v. Lyons*, No. 1:26-CV-02491-KES-EPG, at *1 (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026); *Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026).

Here, the record reflects that "Petitioner was entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing[,]" following his arrest and detention, but was not provided this process. *Perez v. Warden*, No. 2:26-CV-01335-DJC-AC, 2026 WL 788131, at *1 (E.D. Cal. Mar. 20, 2026). Under these circumstances, the Court finds that the appropriate remedy is a prompt § 1226(a) bond hearing, rather than immediate release.

United States District Court
Eastern District of California

Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is GRANTED to the extent Petitioner contends he is entitled to a bond hearing. Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. The Clerk of the Court is directed to close this case and enter judgment in favor of Petitioner.

**IT IS SO ORDERED.**

Dated: July 20, 2026

EDWARD J. DAVILA
United States District Judge